IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| ADAM AIRCRAFT INDUSTRIES, INC.<br>EIN: 161643299, | )<br>)<br>) | Case No. 08-11751 MER<br>Chapter 7 |
| Debtor. | ) | |
| JEFFREY A. WEINMAN, as Chapter 7 Trustee, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. _____ MER |
| VIAWEST INTERNET SERVICES, INC. a/k/a<br>VIAWEST, INC. | )<br>) | |
| Defendant. | ) | |

## COMPLAINT

Jeffrey A. Weinman, as Chapter 7 Trustee for the bankruptcy estate of Adam Aircraft Industries, Inc., for his Complaint, (this "Complaint"), states:

### PARTIES, JURISDICTION AND VENUE

1. On February 15, 2008 (the "Petition Date"), Adam Aircraft Industries, Inc. (the "Debtor"), filed its voluntary petition for relief under Chapter 7 of title, 11 U.S.C. (the "Bankruptcy Code"), commencing bankruptcy case number 08-11751 MER (the "Bankruptcy Case"), in the United States Bankruptcy Court for the District of Colorado (this "Court").

2. Plaintiff Jeffrey A. Weinman (the "Trustee") is the duly appointed Chapter 7 trustee in the Debtor's Bankruptcy Case.

Doc# 3122582\1

3. Defendant Viawest Internet Services, Inc. a/k/a ViaWest, Inc. (the "Defendant"), is a corporation organized under the laws of the state of Colorado with its principal business office located at 1200 17th Street, Denver, Colorado, 80202.

4. The Defendant's registered agent is Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado, 80202.

5. The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the automatic referral of bankruptcy matters from the United States District Court for the District of Colorado under D.C.COLO.LCivR 84.1.

6. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

7. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (F) and/or (O).

## GENERAL ALLEGATIONS

8. The Trustee restates and incorporates through this reference all of the prior allegations of this Complaint as if fully restated herein.

9. Before the Petition Date, the Debtor designed and manufactured advanced carbon composite aircraft for sale in civilian and government markets. The Debtor maintained business locations in Colorado and Utah but ceased operating before the Petition Date.

10. Within the ninety (90) days before the Petition Date, the Debtor made payments to the Defendant, including without limitation: (a) a payment of $17,377.72 by check number 40290; (b) a payment of $18,451.72 by check number 40405; (c) a payment of $21,796.72 by check number 40727; and (d) a payment of $18,964.72 by check number 40982.

11. Check number 40290 in the amount of $17,377.72 was dated December 14, 2007, and it cleared the Debtor's bank on December 27, 2007.

12. Check number 40405 in the amount of $18,451.72 was dated December 19, 2007, and it cleared the Debtor's bank on December 27, 2007.

13. Check number 40727 in the amount of $21,796.72 was dated January 11, 2008, and it cleared the Debtor's bank on January 18, 2008.

14. Check number 40892 in the amount of $18,964.72 was dated February 4, 2008, and it cleared the Debtor's bank on February 8, 2008.

**FIRST CLAIM FOR RELIEF**
**Avoidance and Recovery of Preferential Transfers; 11 U.S.C. §§ 547 and 550**

15. The Trustee restates and incorporates through this reference all of the prior allegations of this Complaint as if fully restated herein.

16. At all times relevant hereto, the Defendant was a creditor of the Debtor.

17. Within the ninety days preceding the Petition Date, the Debtor made transfers to the Defendant or for the Defendant's benefit totaling no less than $76,590.88 (the "Transfers").

18. The Transfers were transfers of an interest of the Debtor in property.

19. The Transfers were made on account of an antecedent debt owed by the Debtor to the Defendant before such Transfers were made.

20. The Transfers were made while the Debtor was insolvent.

21. The Transfers enabled the Defendant to receive more than it would have received if: (a) the Debtor's case was a case under Chapter 7 of title 11, U.S.C.; (b) the Transfers had not been made; and (c) the Defendant had received payment only to the extent provided by the provisions of title 11, U.S.C.

22. The Transfers to the Defendant, along with any other transfer or payment to or for the benefit of the Defendant made within ninety days of the Petition Date, are avoidable under § 547(b) of the Bankruptcy Code.

Doc# 3122582\1

23. The Defendant is the initial transferee of the Transfers.

24. The Trustee is entitled to recover from the Defendant the value of the Transfers, along with the value of any other transfers made to or for the benefit of the Defendant within ninety days of the Petition Date under § 550 of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF
### Disallowance of Claim; 11 U.S.C. § 502

25. The Trustee restates and incorporates through this reference all of the prior allegations of this Complaint as if fully restated herein.

26. The Defendant is an entity from which property is recoverable under, among other things, §§ 547 and 550 of the Bankruptcy Code.

27. The Defendant is an entity that is the transferee of a transfer avoidable under, among other things, § 547 of the Bankruptcy Code.

28. The Defendant has failed to pay the amount or to turn over to the Trustee the value of any property for which the Defendant is liable under, among other things, §§ 547 and 550 of the Bankruptcy Code.

29. Any and all claims that the Defendant may have in the Debtor's Bankruptcy Case must be disallowed under § 502(d) of the Bankruptcy Code.

30. The Trustee is entitled to judgment against the Defendant disallowing any and all claims asserted by the Defendant in the Debtor's Bankruptcy Case, under § 502(d) of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests entry of judgment on this Complaint against the Defendant: (a) avoiding the Transfers; (b) for no less than the value of the Transfers; and (c) disallowing any and all claims of the Defendant in the Debtor's Bankruptcy Case.

Dated this 15th day of January, 2010.

                            LINDQUIST & VENNUM P.L.L.P.

                            By:   /s/ Theodore J. Hartl
                                Theodore J. Hartl, #32409
                            600 17th Street, Suite 1800 South
                            Denver, CO, 80202-5441
                            Telephone: (303) 573-5900
                            Facsimile: (303) 573-1956
                            Email: thartl@lindquist.com

Counsel for Jeffrey A. Weinman, Chapter 7 Trustee